14967

SALEEBY v. QUERY *ET AL.*

(5 S. E. (2d), 577)

May, 1939.

*Messrs. Bryan & Mozingo,* for appellant,

*Messrs. John M. Daniel, Attorney General,* and *Claude K. Wingate,* for respondents.

November 15, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This proceeding was instituted by the petitioner, appellant here, in April, 1939. He alleged that the respondents, the South Carolina Tax Commission, had seized twelve boxes of cigars owned by him for the purpose of confiscation under Section 5257 of the Code of 1932; and that he had complied with the law by posting a proper and sufficient redelivery bond, but that the commission had failed and refused to deliver the goods to him on demand. He asked that the Court issue a writ of mandamus compelling the performance of such delivery. Judge Dennis, to whom the application was made, issued a rule requiring the commission to show cause before him, at the time and place named, why the prayer of the petition should not be granted; and directing it to serve its answer and return upon the petitioner at least two days before the date set for the hearing.

The respondents, complying with the order of the Court, admitted that they had seized the merchandise in question, but alleged that the cigars "were contained in boxes which were used theretofore and had been refilled with new cigars, but had affixed thereto stamps which denoted payment of the tax on cigars previously taken from the boxes, in violation of Sections 2524 and 2528 of the Code of Laws, 1932." They also admitted that a bond had

been filed by the petitioner with the commission as claimed by him, but alleged that they had refused to deliver the goods "for the reason that there is now pending a criminal warrant against Eli Saleeby in Darlington County charging him with refusing said stamps; that there is also a warrant in Chesterfield County charging Johnnie Davis, truck driver and salesman for Eli Saleeby, with having in his possession for sale cigars upon which were afixed stamps which had theretofore been used"; that "as these cigars are the only evidence of the violation of the criminal statute by petitioner, they were held by respondents as such evidence"; and that the Commission stood ready, if so directed, to deliver them to any officer of the Court, to be kept by him safely as evidence in the criminal prosecutions now pending against the petitioner and his said truck driver and salesman.

In due time after the service thereof, the petitioner gave notice that he would move before the Court, on the hearing of the matter, for an order requiring the commission to amend its return and answer by striking therefrom certain allegations—the reasons alleged by respondents for their failure to redeliver the merchandise to the petitioner, as above set out—which he claimed were incompetent and irrelevant. He also demurred thereto on the ground that the facts alleged did not constitute "a valid and legal defense to the petitioner's rights of mandamus".

Judge Dennis stated in his order that "after hearing arguments of counsel for both petitioner and respondents, I am of opinion that these cigars should not be turned back to petitioner and thereby may be destroyed eliminating any conclusive evidence against him for the violation of a criminal statute". In view of the conclusion thus reached, the Court ordered the respondents to deliver the merchandise in question to "Hon. S. S. Tison, Solicitor for the Fourth Judicial Circuit, to be held by him intact as evidence in the criminal prosecutions now pending in Darlington and Ches-

terfield Counties against petitioner and Johnnie Davis, his employee." This appeal followed.

While the motion to strike and the demurrer were not specifically passed upon by the Circuit Judge, we will consider the exceptions charging him with error in refusing the one and in overruling the other, as it appears that the effect of his order was to do so. In any event, no point is made thereabout.

As to the motion, the specification of error is that Judge Dennis abused his discretion in failing to grant it on the grounds stated therein. We do not think so. A careful analysis of the pleadings convinces us that the allegations of the answer which it was sought to have the Court strike out, as above indicated, were relevant as constituting a defense to the facts alleged in the petition, namely, the defense that the respondents were justified in failing or refusing to comply with the confiscation statute in the matter of the redelivery of the goods to the appellant, until the criminal prosecutions were disposed of. For the same reasons, the demurrer to the return and answer was also properly overruled.

The main question presented for decision is whether the Circuit Judge erred in requiring "the respondents to deliver the property in question to a person other than the petitioner who had posted bond for the return thereof." The appellant bases his action and claim upon Section 2527 of the Code of 1932, which provides that goods and merchandise seized as contraband (Article IV of Chapter 107 of the Code) shall be delivered to the claimant, upon his filing with the commission a bond as provided for, "pending the outcome of said case"—that is, the prosecution of the case to secure the forfeiture of the goods seized—and contends that the Circuit Judge was not justified in disregarding these provisions of Section 2527.

No decision of this Court directly in point has been cited and those referred to are helpful only in a general way. In

*Palmetto State Bank v. English,* 181 S. C., 69, 186 S. E., 638, it was stated that property connected with a crime charged may properly be held as evidence to be presented to the Court on the trial of the person charged with the criminal offense. The appellant contends, however, that this rule should not be applied here for the reason that it would lead to the harsh result of nullifying the statute. We are not in accord with this view. .The effect of the order of Judge Dennis was merely to hold in abeyance the return to the claimant of the property in question until the criminal prosecutions were disposed of. And this we think could properly be done. Otherwise, it appears that it would be possible for the petitioner to defeat the criminal prosecutions against him and his truck driver, by securing, after the posting of a bond, possession of the goods and destroying them. Therefore, if the contention of the appellant is held to be correct, the State would be rendered practically impotent, as pointed out by the Circuit Judge, in the prosecution of a person charged with a crime in cases of this kind, by the elimination, in the manner indicated, of any conclusive evidence against such person.

We may safely conclude that this was not the intention of the Legislature in the enactment of the revenue laws now contained in Article IV of Chapter 107 of the Code. The pertinent related provisions, those which have to do with procedure to secure the forfeiture of the goods seized, and those with criminal prosecution of persons charged with criminal violation of such statutes, should be harmonized, if possible, thus giving to all of them the force and effect intended. The conclusion reached by the Circuit Judge, it seems to us, leads to that desired result. The respondents did not allege or claim that they were entitled to hold or keep in their possession the cigars in question. They knew that they were bound to finally deliver them to the appellant unless the Circuit Judge, under the alleged facts, should order that they be held by some officer of the

Court as evidence in the criminal prosecutions of the petitioner and his truck driver, pending such prosecutions. Of course, if the appellant is acquitted of the criminal offense charged, he would be entitled to have such goods returned to him.

The order appealed from is affirmed.

MESSRS. JUSTICES BONHAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.

MR. JUSTICE BAKER dissents.